UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID LLOYD SHAFFER,

　　　　Plaintiff,

　　　v.

STATE OF CALIFORNIA, et al.,

　　　　Defendants.

Case No. 13-cv-03979-JST (PR)

**ORDER RECLASSIFYING CASE; DISMISSING COMPLAINT**

This case was opened when plaintiff filed a habeas petition with the court (nature of suit 530). However, a review of the petition indicates that plaintiff is raising claims against the court and against a number of public and private attorneys and thus, it should have been classified as "Prisoner: Civil Rights" (nature of suit 550). The Clerk of the Court shall reclassify the case on the docket as "Prisoner: Civil Rights," nature of suit 550.[1]

If plaintiff seeks to challenge his conviction, he must follow the steps outlined in the court's order of dismissal in Shaffer v. Davis, No. C 13-2096 JST (PR).

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] Plaintiff is granted leave to proceed in forma pauperis in a separate order.

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims that this court has dismissed his "petitions, motions, law briefs and various letters claiming the constitutional rights for all courts [sic] appointment of counsel, investigators, experts." (Compl. at 5.) He attaches to his complaint various documents filed in his previous actions in this court. Plaintiff appears to be alleging wrongdoing by the federal judges presiding over said actions. The claim must be dismissed. It is well established that a federal judge is absolutely immune from civil liability for acts performed in his or her judicial capacity; this immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996), superceded by statute on other grounds as stated in Cobb v. JPMorgan Chase Bank, N.A., 2012 WL 5335309 *3 (N.D. Cal.).

Plaintiff also names as defendants the Office of the Federal Public Defender as well as "large list of law firms, state attorney bars, plus attorneys written too [sic]." (Compl. at 12.) Plaintiff claims that said attorneys and legal offices have notified him that "he does not need immediate defense representation." (Id.) Plaintiff attaches to his complaint various letters from the Office of the Federal Public Defender and from private attorneys – all declining to represent him. However, the attorney defendants cannot be sued under § 1983. Public defenders and private attorneys are not state actors and may not be sued under 28 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

The complaint will be dismissed as plaintiff has failed to state a claim on which relief may be granted. This case will be dismissed with prejudice as it is clear that no amount of amendments will cure the deficiencies of the complaint. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## CONCLUSION

For the foregoing reasons:

The Clerk shall reclassify the case on the docket as "Prisoner: Civil Rights," nature of suit 550.

The complaint is DISMISSED without leave to amend for failure to state a claim on which relief may be granted. This action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 3, 2013



JON S. TIGAR
United States District Judge